# Commonwealth of Massachusetts
## Plymouth District Court
52 Obery Street
Plymouth, MA 02360
(508) 747-8400

__Douglas J. Randall__,
PLAINTIFF(S),

CIVIL NO. 2059CV000293

v.

SUMMONS

__Cummins Inc.__,
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO __Cummins Inc.__
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Plymouth Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Plymouth District Court, 52 Obery Street, Plymouth, MA 02360" and to the individual below:

__Jonathan Whiting, Esq.__ at __11 South Park Ave, Plymouth, MA 02360__
(name of Plaintiff or Plaintiff's attorney) (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

A true copy Attest:
_Joseph P Casey_
Deputy Sheriff Suffolk County
9-25-20

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. James M. Sullivan, First Justice on _____, 20____

(SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____
(signature)

_____
(name and title)

☐ In hand

_____
(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:* [ ]

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss                                    Plymouth District Court
                                                Docket No. 2059CV000293

```
****************************
Douglas J. Randall,          *
            Plaintiff        *
                             *
v                            *
                             *
Cummins Inc.,                *
            Defendant        *
****************************
```

# COMPLAINT
for:
## (1) VIOLATIONS OF M.G.L. c.93A;
(The Massachusetts Consumer Protection Statute)
## (2) VIOLATIONS OF 940 CMR SECTION 3:16;
(Massachusetts Public Safety Law)
## (3) VIOLATIONS OF 940 CMR SECTION 5.05(8);
(Failure to Repair a Vehicle Under Warranty)
## (4) BREACH OF WARRANTY;
(Express Warranty and Implied Warranty of Merchantability) and
## (5) BREACH OF CONTRACT

## Introduction

Plaintiff, Douglas Randall brings this civil action seeking damages caused by: (1) the defendant's sale of a defective, faulty, unseaworthy and unreliable boat engine; defendant's failure to replace or repair a defective engine; and (2) the defendant's failure to honor their warranty.

## Parties

1.  Plaintiff, Doug Randall (herein referred to as "Plaintiff" or "Mr. Randall") resides in Marshfield, Plymouth County, Massachusetts.

2. Defendant Cummins Incorporated is a business with a local office referred to as Cummins Sales and Service, Dedham MA Branch, 100 Allied Drive Dedham, MA 02026 and a Corporate office located at 301 Market Street, Suite 500, Indianapolis, IN 46204 (herein referred to as "Cummins").

## Jurisdiction

3. Massachusetts has personal jurisdiction over Defendant and pursuant to M.G.L. c.223A Section 2, this complaint can be heard in District Court pursuant to M.G.L. c 218 Section 19 and M.G.L. c.93A Section 9(3A).

## Count 1
### Violation of M.G.L. c. 93A

4. The Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1-3.

5. On or about January 16, 2017, Plaintiff purchased a QSM 11 diesel engine manufactured by Cummins Inc. through Green Harbor Marina. The cost of the engine was $ 44,500.00

6. In or about the spring of 2017, Green Harbor Marina installed the engine into Mr. Randall's boat.

7. From in or about the installation of the engine, the engine has failed to run properly and has caused damage to other mechanical functions of the boat.

8. Upon installation of the engine, the after-cooler became loose falling away from the intake manifold. This was a direct result of a defective engine as there were missing and improperly installed bolts within the engine. The defective engine caused the cylinder and exhaust temperatures to become critically high damaging the injectors, melting wires to the engine block senders and critically overheating the flex coupler (bellows) effectively crystallizing the metal making it overly brittle and cracking the welds. This failure required the plaintiff to haul the boat to address the defective engine and to replace the bellows and damaged exhaust system. The out of pocket cost to the plaintiff for the exhaust and bellows repair was $ 2,990.33. Though the plaintiff made these necessary repairs caused by the faulty engine, the engine continued to malfunction and failed to operate properly.

9. From in or about the spring of 2017, plaintiff along with Green Harbor Marina worked with the defendant's representatives in an effort to correct

the problem with the defective engine. Notes, inspections and reports document ongoing problems with the engine. Numerous work orders note a skip that develops after a "long run" noting "when the engine gets hot it will surge".

10. Throughout 2018 and 2019, Mr. Randall made efforts to work with defendant's representative, Mr. Mcginn to address the boat's ongoing malfunction, and the damages caused by the defective engine in hopes of a final resolution. Plaintiff expressed his concern that the engine issue had persisted and remained unresolved and the manufacturer's warranty was nearing expiration. Plaintiff expressed his concerns regarding safety. Plaintiff was assured by defendant's representative that the ongoing issues had been fully documented and the issue would be resolved under the warranty, however defendant's representative, Mr. Mcginn was unable to obtain the necessary authorization from his superiors to cover the repairs necessary.

11. On or about January 7, 2020, plaintiff's attorney sent a 93A Demand letter to the defendants via certified mail.

12. On or about January 7, 2020, plaintiff received an email directly from defendant's representative, Mr. Mcginn, who apologized for the delayed response. Mr. Mcginn informed the plaintiff that the defendant would agree to cover the cost to replace five injectors, however they would not cover the "troubleshooting time" which was a charge of approximately $1,300.00.

13. On or about January 27, 2020, plaintiff's counsel received an email from Ms. Kelly Liddy-Alderson, a paralegal for defendant, Cummins, in which she referenced Mr. Mcginn's email reiterating the offer to cover the replacement of 5 injectors but refusing to cover the cost associated with their troubleshooting, a cost of $ 1,300.00.

14. From on or about January 27, 2020, plaintiff's counsel corresponded with defendant's paralegal, Ms. Kelly Liddy-Alderson. To date, defendant has refused coverage of the "trouble shooting" costs, refused to honor their warranty, and refused to extend the warranty for any length of time to cover the additional work required on the engine. To date, the defendant has failed to offer a reasonable offer of settlement.

15. Plaintiff, Mr. Randall has lost confidence in the ability of the defendant to provide a quality product with quality workmanship. Mr. Randall reasonably requested that additional work performed by the defendant be fully covered and guaranteed. This request was refused by the defendant. In addition, defendant refused to cover "trouble shooting" costs and provide a warranty on their work.

16. In or about March 2020, plaintiff had Green Harbor Marina replace the injectors in the engine for an out of pocket cost of $ 8,957.68.

17. After the March 2020 replacement of the injectors, the engine continues to malfunction, now determined to be the result of the damage caused by the improper factory installation of the after-cooler. It is now confirmed that the engine has suffered irreparable damage. The engine is incapable of running properly and within the required safety and emissions requirements. It will require extraordinary, costly and frequent maintenance to the after-cooler just to keep it running.

18. To date, Mr. Randall has paid out of pocket costs to repair the defective engine totaling $ 11,948.01.

19. To date, Mr. Randall has been unable to utilize the boat with confidence for the engine's reliability and his safety.

20. Mr. Randall seeks reimbursement in full for the cost of the defective engine ($44,500.00).

## Count 2
### Violation of 940 Code of Regulations Section 3:16
for violating laws specifically for the protection of the public health safety and welfare

21. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1-20.

## Count 3
### Violation of 940 Code of Regulations Section 5:05(8)
Failure to remedy repairs promptly and at no charge

22. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1-121.

## Count 4
### Breach of Warranty

23. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1-22.

## Count 5
### Breach of Contract

24. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1-23.

## *Jury Demand*

Plaintiff Requests Trial By Jury On All Counts And Issues Triable To A Jury.

**WHEREFORE** Plaintiff requests this Honorable Court:

1. Enter judgment for the plaintiff, Douglas J. Randall on all counts against the defendant;

2. Award damages to the plaintiff, Douglas J. Randall in the amount of $ 44,500.00;

3. Treble such amount as provided by M.G.L. c.93A, Section 9(3) for defendants' willful and knowing violations of federal and state law;

4. Award interest, costs, and attorneys fees to the plaintiff as provided by M.G.L. c. 93A;

5. Award such other relief as this court deems just and proper.

Dated: 8/5/20

Respectfully submitted
Douglas J. Randall, plaintiff,
By his attorney,

Jonathan Whiting, Esquire
11 South Park Avenue
Plymouth, MA 02360
508-830-9440
BBO # 687176

| STATEMENT OF DAMAGES G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts  |
|---|---|---|
| PLAINTIFF(s): Douglas J. Randall | DEFENDANT(s): Cummins Inc. | DATE FILED: 7/27/20 |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION: Plymouth District Court | |

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (describe) _____ | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonable anticipated lost wages: | $ |
| F. Other documented items of damage (describe): _____ | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: | |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a) | |
| Provide a detailed description of the claim(s): Violations of 93A, 940 CMRs, Breach of Warranty and Breach of Contract | $ <br> $ <br> $ |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ 44,500 |

ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)
SIGNATURE: Jonathan Whiting, Esquire
DATE: 8/5/20
PRINT OR TYPE NAME
B.B.O. # 687176
ADDRESS: 11 South Park Avenue
Plymouth, MA 02360

DEFENDANT'S NAME AND ADDRESS:

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: _____  Date: 8/5/20